IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEREMY M. SIMMONS,**

      **Plaintiff,**

  v.                                        Civil Action 2:19-cv-4108

                                                  Chief Magistrate Judge Elizabeth P. Deavers

**CHRISTOPHER SIGLER,** *et al.,*

      **Defendant.**

## OPINION AND ORDER

Plaintiff, Jeremy M. Simmons ("Simmons"), brings this action under 42 U.S.C. § 1983 asserting claims of excessive force, negligent training and malicious prosecution against Defendants Christopher Sigler ("Sigler"); Hocking County, Ohio Juvenile Court; Hocking County, Ohio Prosecutor's Office; and Jorden M. Meadows ("Meadows").[1]  With the consent of the parties to the jurisdiction of the United States Magistrate Judge (ECF No. 16), pursuant to 28 U.S.C. § 636(c), this matter is before the Court for consideration of Defendants' Motion to Dismiss (ECF No. 10), Plaintiff's Response in Opposition (ECF No. 12), and Defendants' Reply in Support (ECF No. 13).  For the following reasons, Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**.

---

[1] Defendants correctly note that the Complaint does not include a jurisdictional statement as required by Federal Rule of Civil Procedure 8(a)(1), but do not move to dismiss on this ground. Moreover, in determining whether there is a proper basis for the exercise of jurisdiction, the complaint is read "holistically."  *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 397 (6th Cir. 2016).  Here, the Complaint clearly reflects that Simmons is pursuing a claim under 42 U.S.C. § 1983, a federal statute.

I. **BACKGROUND**

Simmons alleges the following in his Complaint. On September 1, 2016, Simmons appeared under subpoena to testify as a witness in a proceeding in the Hocking County, Ohio Juvenile Court. (ECF No. 1, ¶ 1, 4.) When Simmons arrived, Meadows,[2] the defense attorney, directed him to leave. (*Id*. at ¶¶ 2, 4.) Sigler, a Juvenile Court bailiff, approached Simmons to escort him out and, when Simmons' back was turned, Sigler physically attacked him. (*Id*. at ¶¶ 6, 7.) According to Simmons, the force used was excessive and deadly. (*Id*. at ¶¶ 16, 18.) The Hocking County Prosecutor charged Simmons with resisting arrest and disorderly conduct. (*Id*. at ¶ 8.) The resisting arrest and disorderly conduct charges were dismissed on May 26, 2017 and September 27, 2017, respectively. (*Id*. at ¶ 9.) Simmons maintains that the Hocking County Juvenile Court failed in its duty to train Sigler. (*Id*. at ¶¶ 26, 27.) On March 18, 2019, Simmons had the charges filed against him expunged. (*Id*. at ¶ 29.) On that same day, the Hocking County Prosecutor's Office filed new assault charges against Simmons. (*Id.* at ¶ 30.) These new charges arose from an altercation at Simmons' home on February 1, 2019. (*Id*. at ¶ 31.) The assault charges against Simmons were dismissed on July 8, 2019. (*Id*. at ¶ 33.) Simmons contends that none of the charges against Simmons was supported by probable cause. (*Id*. at ¶ 36.) He seeks compensatory damages in excess of $75,000 and punitive damages. (*Id*.)

II. **STANDARD OF REVIEW**

Defendants bring their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted. To

---

[2] As Plaintiff's response to the motion to dismiss clarifies, prior to becoming a Hocking County Prosecutor, Defendant Meadows served as defense counsel in the proceeding in which Plaintiff was subpoenaed as a witness. (ECF No. 12, at p.5.)

survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  However, "the tenet that a

3

court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

#### A. Claims against Hocking County Juvenile Court and Hocking County Prosecutor's Office

Simmons alleges a negligent training claim against the Hocking County Juvenile Court and a malicious prosecution claim against the Hocking County Prosecutor's Office. Defendants contend that Simmons' claims against these entities are subject to dismissal because they lack the capacity to sue or be sued. For the following reasons, the Court agrees.

The capacity to sue or be sued in the United States District Courts is governed by Federal Rule of Civil Procedure 17. Rule 17(b) provides, in pertinent part: "Capacity to sue or be sued is determined as follows: … for all other parties, by the law of the state where the court is located. . . ." Fed. R. Civ. P. 17(b).

Simmons asserts that Ohio law establishes that both the Hocking County Juvenile Court and the Hocking County Prosecutor's Office have the capacity to sue or be sued. According to Simmons, these entities are political subdivisions of Ohio as defined by Ohio Rev. Code § 2744.01(F) because they each constitute an "other body" responsible for government activities in a geographic area smaller than that of the state. Further, Simmons asserts that, as political subdivisions, these entities are liable for damages in this action pursuant Ohio Rev. Code § 2744(B). Simmons' position misinterprets Ohio law.

>Ohio Rev. Code § 2744.01 defines political subdivision to include:
>
>(F) … a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state.
>
>Further, Ohio courts, have defined a political subdivision as follows:
>
>A political subdivision of the state is a geographic or territorial division of the state rather than a functional division of the state. Almost invariably the statutory definitions of "political subdivision" involve a geographic area of the state which has been empowered to perform certain functions of local government within such geographic area. Accordingly, a "political subdivision of the state" is a geographic or territorial portion of the state to which there has been delegated certain local governmental functions to perform within such geographic area.

*In re Forfeiture of Prop. of Louis*, 187 Ohio App. 3d 504, 508 (2nd Dist. 2010) (citing *Fair v. School Emp. Retirement System of Ohio*, 44 Ohio App.2d 115, 119 (10th Dist.1975)).  Section 2744.01(F) lists specific examples of political subdivisions, but neither a county prosecutor's office nor a county juvenile court are among them.

Moreover, a county prosecutor's office is not a political subdivision but a subunit of the county.  *See Lenard v. City of Cleveland*, 2017 WL 2832903, at *2 (N.D. Ohio June 30, 2017) (Cuyahoga County Prosecutor's Office, Sheriff's Office and Jail Corrections Center are "merely subunits" of Cuyahoga County).   Further, a juvenile court is considered an arm of the state.  *See Godfrey v. Hamilton Cty. Juvenile Court*, No. 1:18-CV-663, 2019 WL 3239259, at *5 (S.D. Ohio July 18, 2019), *report and recommendation adopted*, No. 1:18-CV-663, 2019 WL 3819023 (S.D. Ohio Aug. 14, 2019)(citing *Smith v. Grady*, 960 F. Supp. 2d 735, 752 (S.D. Ohio 2013) ("A claim against a Juvenile Court judge in his official capacity is treated as a suit against the Juvenile Court, which is an arm of the state.")

Accordingly, the Ohio Supreme Court has concluded that Ohio courts are not *sui juris*. *Harsh v. City of Franklin, Ohio*, No. 1:07-874, 2009 WL 806653, at *5 (S.D. Ohio Mar. 26,

5

2009) (the Supreme Court of Ohio has determined that Ohio courts are not sui juris). "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973)). *See also Phillips v. City of Cincinnati*, No. 1:18-CV-541, 2019 WL 2289277, at *10 (S.D. Ohio May 29, 2019) (holding that the Hamilton County Court of Common Pleas is not *sui juris*). More specifically, a juvenile court is not a legal entity that is capable of being sued. *Godfrey v. Hamilton Cty. Juvenile Court*, 2019 WL 3239259, at *5 (a juvenile court is not a legal entity that is capable of being sued).

Similarly, a county prosecutor's office is not *sui juris* and cannot be sued for damages under 42 U.S.C. § 1983. *Rose v. Cuyahoga Cty. Prosecutor's Office Ohio*, No. 1:19 CV 314, 2019 WL 2451642, at *1 (N.D. Ohio June 12, 2019) (citing *Lenard v. City of Cleveland*, No. 1:17 CV 440, 2017 WL 2832903, at *2 (N.D. Ohio June 30, 2017)); *see also Llyod v. City of Streetsboro*, No. 5:18 CV 0073, 2018 WL 2197923, at *3 (N.D. Ohio May 14, 2018), *reconsideration denied sub nom. Lloyd v. City of Streetsboro*, No. 5:18 CV 73, 2018 WL 2985098 (N.D. Ohio June 14, 2018) (Portage County Prosecutor's Office is not a legal entity separate and apart from Portage County and cannot sue or be sued in a civil rights action.)

For these reasons, the motion to dismiss is **GRANTED** as to Simmons' negligent training claim against the Hocking County Juvenile Court and his malicious prosecution claim against the Hocking County Prosecutor's Office.[3]

---

[3] Further, the Hocking County Juvenile Court, as an arm of the State, would be entitled to sovereign immunity as to Plaintiff's damages claim here. *Ortiz v. Holmes*, 157 F. Supp. 3d 692 (N.D. Ohio 2016).

6

**B. Excessive Use of Force Claim**

Simmons alleges an excessive use of force claim against Defendant Sigler, citing both the Fourth and Fourteenth Amendments. Excessive force claims can fall under either of those Amendments. *Leath v. Webb*, 323 F. Supp. 3d 882, 898 (E.D. Ky. 2018) (citing *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015)). The Fourth Amendment governs "a free citizen in the process of being arrested or seized," and the Fourteenth Amendment governs claims from a person situated between a free person and a convicted person. *Id.* It is not entirely clear from Simmons' limited allegations whether the Fourth or Fourteenth Amendment would govern his claims. However, the Court need not resolve that issue here. As Defendants assert, Simmons' excessive use of force claim is barred by the applicable statute of limitations.

---

Similarly, were the Court to construe Plaintiff's malicious prosecution claim as having been brought against Hocking County, counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690.); *see also Stack v. Karnes*, 750 F.Supp.2d 892, 897–99 (S.D. Ohio 2010)(individuals may properly sue counties under § 1983 for *Monell* claims); *Cooper v. Montgomery Cty., Ohio*, 199 F. Supp. 3d 1189 (S.D. Ohio 2016) (applying *Stack* and concluding that Montgomery County could be sued under § 1983 on a *Monell* theory of liability).

The United States Court of Appeals for the Sixth Circuit has held that a plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: "'(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)). The standard for municipal liability in negligent hiring, training, and retention is deliberate indifference. *Stricker v. Township of Cambridge,* 710 F.3d 350, 365 (6th Cir. 2013). The Complaint is silent as to any of these elements as they relate to Plaintiff's malicious prosecution claim.

7

As it relates to Simmons' excessive use of force claim, the statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1983 is the two-year statute of limitations found in Ohio Revised Code § 2305.10. *Brooks v. Skinner*, 139 F. Supp. 3d 869, 881 (S.D. Ohio 2015); *see also Wilson v. City of Dayton*, 14 F. Supp. 3d 900, 905 (S.D. Ohio 2014) (explaining that if "a state has multiple statutes of limitation for personal injury actions, as does Ohio, the proper statute to apply is the general or residual statute for personal injury actions[,]" which, in Ohio, is two years under Ohio Revised Code § 2305.10).

Federal law, however, governs the question of *when* the statute of limitations begins to run. *Williams v. Schismenos*, 258 F. Supp. 3d 842, 853 (N.D. Ohio 2017), *aff'd*, 738 F. App'x 342 (6th Cir. 2018) (citing *Ruff v. Runyon,* 258 F.3d 498, 500 (6th Cir. 2001)). As explained in *Williams*:

> "The 'standard rule' is that a cause of action accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (quoting *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (further quotation marks, citations, and alterations omitted)). The Sixth Circuit has held that, "when asserting a claim under § 1983 for the use of excessive force, the 'injury' occurs on the date of the constitutional injury, the date the allegedly excessive force is used." *Hodge v. City of Elyria,* 126 Fed. Appx. 222, 224 (6th Cir. 2005) (citing *Washington v. Summerville,* 127 F.3d 552, 556 (7th Cir. 1997)); *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest.") (citation omitted).

*Williams*, 258 F. Supp. 3d at 853.

Here, Simmons' claim accrued on September 1, 2016, the date of his arrest and the date upon which he claims Sigler used excessive force. This is the date upon which Simmons had all the facts necessary to prosecute his claim. *Williams*, 258 F. Supp. 3d at 853. Simmons did not file his complaint until September 16, 2019, more than three years later. (ECF No. 1.)

8

Simmons appears to concede that his claim accrued more than two years before he filed his Complaint. ("Clearly, Plaintiff's claims were not filed within two years of the courthouse altercation." ECF No. 12, at p. 3.) He requests, however, that the Court apply the doctrine of equitable tolling to save his claim. As the Court understands Simmons' argument, he asserts that the date the disorderly conduct charges arising from the courthouse altercation were dismissed should be viewed as the date his excessive use of force claim accrued. According to Simmons, because the disorderly conduct charge was dismissed on September 27, 2017, his Complaint, filed within two years of that date, should be considered timely.

Because Ohio's statute of limitations applies to Simmons' excessive force claim, Ohio's tolling rules also apply as long as they are not "'inconsistent with federal law or policy.'" *Roberson v. Macnicol*, 698 F. App'x 248, 250–51 (6th Cir. 2017) (quoting *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 845 (6th Cir. 2015)). Under Ohio law, the statute of limitations for § 1983 claims may only be tolled when—at the time the cause of action accrued— the plaintiff was either a minor or was "of unsound mind." Ohio Rev. Code § 2305.16. *Michelle R. v. Vill. of Middleport*, No. 2:19-CV-2272, 2019 WL 4452678, at *4 (S.D. Ohio Sept. 17, 2019). As noted, Simmons does not suggest that either of these tolling circumstances apply here. Rather, Simmons requests that the Court apply equitable tolling principles.

Simmons does not cite any Ohio equitable tolling rules. Consequently, he has forfeited any argument he might have had under those rules. *Roberson*, 698 F. App'x at 250-51. Nor does Simmons argue that Ohio's rules clash with federal law—the only circumstance in which the federal rules could apply. *See id.*

Instead, Simmons, relying on *Spurlock v. Univ. of Toledo*, 86 F. Supp. 3d 744, 747 (N.D. Ohio 2015), simply asserts that federal tolling rules are applicable. However, even if Simmons

9

could rely on federal tolling rules here, his argument would not succeed. Tolling decisions are made by courts on a case-by-case basis, analyzing the following relevant factors:

> (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Id*. Federal courts apply equitable tolling "sparingly." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560 (6th Cir. 2000). A plaintiff who fails to pursue his rights diligently is not eligible for tolling. *Id.* Nor is a plaintiff who misses a deadline because of garden-variety attorney negligence eligible for relief through equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Simmons does not address any of these equitable-tolling factors directly. Instead, he asserts that he is entitled to equitable tolling because he was being prosecuted for over a year. This contention is insufficient to demonstrate the requisite diligence. The alleged distraction caused by facing criminal charges does not provide a basis for equitable tolling. *Holley v. Metri Nashville Dep't*, No. 3:15-CV-01148, 2015 WL 7016465, at *4 (M.D. Tenn. Nov. 10, 2015). Simmons has not otherwise alleged any facts that would support the application of equitable tolling to this case. Accordingly, Simmons' excessive use of force claim is barred by the statute of limitations. Consequently, Defendants' Motion to Dismiss this claim is **GRANTED**.

### C. Malicious Prosecution Claim

Simmons also asserts a malicious prosecution claim. As the Court understands it, Simmons is alleging three separate instances of malicious prosecution : (1) "instituting or continuing the criminal charges against Plaintiff by criminally charging Plaintiff for the September 1, 2016, courthouse incident;" (2) "charging Plaintiff with new crimes on the same day that his record was expunged;" and (3) "charging Plaintiff from the events occurring on

February 1, 2019." (ECF No. 1, at¶ 35.) Simmons appears to bring this claim against both the Hocking County Prosecutor's Office and Defendant Meadows.[4] As discussed above, however, the Hocking County Prosecutor's Office[5] is not an entity capable of being sued and any malicious prosecution claim against it is subject to dismissal. Accordingly, for purposes of this analysis, the Court views Simmons' malicious prosecution claim as directed to Defendant Meadows only.

There is no question that "[i]ndividuals have a clearly established Fourth Amendment right to be free from malicious prosecution." *King v. Harwood*, 852 F.3d 568, 582-83 (6th Cir. 2017). A § 1983 malicious prosecution claim "encompasses investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).

To succeed on a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must show that:

> (1) a criminal prosecution was initiated against the plaintiff, and the defendant made[,] influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*King v. Harwood*, 852 F.3d at 580 (internal quotations omitted). Defendants contend that Simmons' malicious prosecution claim fails because Defendant Meadows is entitled to prosecutorial immunity. As set forth below, Defendants are correct.[6]

---

[4] Certain alleged instances of malicious prosecution appear to predate Defendant Meadows' tenure as a prosecuting attorney and, therefore, can only be viewed, based on Plaintiff's allegations, as directed more broadly toward the Hocking County Prosecutor's Office.
[5] Further, as previously noted, the Complaint cannot be read as asserting a municipal liability claim against Hocking County relating to Simmons' malicious prosecution claim.
[6] Simmons does not specify whether he is suing Defendant Meadows in her individual or official capacity. However, a § 1983 claim against a county prosecutor in his or her official capacity "is deemed to be a suit against the state." *Elkins v. Summit Cty., Ohio*, No. 5:06-CV-3004, 2008 WL

11

Defendant Meadows, in her individual capacity, "enjoys absolute immunity from § 1983 suits for damages when he [or she] acts within the scope of his [or her] prosecutorial duties." *Imbler v. Patchtman*, 424 U.S. 409, 420 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in prosecuting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Prosecutors could not properly perform this duty if every decision carried the potential consequences of personal liability in a suit for damages. *Id.* Prosecutors, therefore, are extended absolute immunity when the challenged actions are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating and prosecuting a criminal case, but also for activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).

"'Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.' *Grant v. Holenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989)

---

614805, at *4 (N.D. Ohio Mar. 5, 2008); *see also Boone v. Kentucky,* 72 F. App'x 306, 307 (6th Cir. 2003) (Plaintiff's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment); *Pusey v. City of Youngstown,* 11 F.3d 652, 657–58 (6th Cir.1993) (holding that a municipal prosecutor acts as an arm of the state in prosecuting or declining to prosecute state criminal offenses). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Simmons appears to be seeking only monetary damages. Consequently, to the extent that Simmons may be asserting a claim for compensatory damages against Defendant Meadows in her official capacity, such claim is barred by the Eleventh Amendment.

(quoting M. Schwartz & J. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees* § 7.8 (1986)).

Simmons argues that prosecutorial immunity does not apply here because "the prosecutor filed criminal charges without probable cause and dismissed the case against Plaintiff." (ECF No. 12, at p. 4.) More specifically, Simmons explains his malicious prosecution claim against Meadows as follows:

> Meadows was not a prosecutor during the first set of charges of resisting arrest and disorderly conduct that was ultimately dismissed, but an interested witness very familiar with the facts and aware of the dismissal by the judge. The fact that the prosecuting attorney filing the charges was a witness in the first case and that a dismissal was granted in the second case shows that an issue with respect to whether the prosecutor was acting as an advocate. Viewing the facts in a light most favorable to the Plaintiff, it may be found that the prosecutor in this instance was not acting as an advocate, but as an instrument to injure Plaintiff.

(*Id.*, at p. 5.)

The Court does not find Simmons' explanation as to why prosecutorial immunity is inapplicable here to be particularly constructive. Simmons' suggestion that Defendant Meadows is not entitled to such immunity based on actions taken outside her prosecutorial role relies only conclusory statements, unsupported by any factual allegations.[7] A conclusory statement that is not supported by any factual allegations cannot survive a 12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 664; *Twombly,* 550 U.S. at 555, 567; *see also Austin v. Kasich*, No. 2:12-CV-983, 2013

---

[7]Moreover, the allegations that relate to Meadows' role as a witness with respect to the first set of charges do not assert that she was acting under color of state law. To state a cause of action under § 1983, a plaintiff must allege the deprivation of a right secured by the United States Constitution or federal statute by a person acting "under color of state law." *See, e.g., Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 841 (N.D. Ohio 2009) (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155–57 (1978); *Spadafore v. Gardner,* 330 F.3d 849, 852 (6th Cir. 2003)).

WL 1324354, at *6 (S.D. Ohio Mar. 29, 2013) (conclusory statements attempting to demonstrate governor's personal involvement cannot survive a motion to dismiss.)

Similarly, Simmons' bare suggestion that Defendant Meadows' alleged role as a witness calls into question her ability to act as an advocate on behalf of the State also lacks merit. The act of filing charges is well within a prosecutor's duties and, therefore, clearly a part of the prosecutor's role as an advocate. In this role, Meadows is entitled to absolute prosecutorial immunity even if, as Simmons submits, she acted wrongfully or even maliciously in doing so. *Grant v. Holenbach*, 870 F.2d at 1138. Defendants' motion to dismiss is **GRANTED** as to Simmons' malicious prosecution claim.

## IV. CONCLUSION

For all of the reasons stated above, Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of the Defendants.

**IT IS SO ORDERED.**

**Date:  MAY 20, 2020**

*/s/ Elizabeth A. Preston Deavers*
 **ELIZABETH A. PRESTON DEAVERS**
 **CHIEF UNITED STATES MAGISTRATE JUDGE**